IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VILMA ESTHER MORALES FELICIANO, | ) | CASE NO. 4:13 CV 1639 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

# Introduction

**A.    Nature of the case and proceedings**

Before me[1] is an action by Vilma Esther Morales Feliciano under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2]

The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed

---

[1] ECF # 15. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 5.

[6] ECF # 12.

[7] ECF # 13 (Morales Feliciano's brief); ECF # 16 (Commissioner's brief); ECF # 17 (Morales Feliciano's reply brief).

supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

**B.     The decision of the Administrative Law Judge ("ALJ")**

The ALJ, whose decision became the final decision of the Commissioner, found that Morales Feliciano had the following severe impairments: degenerative disc disease with central canal stenosis L5-S1, mild osteoarthritis of the neck, obesity, adjustment disorder with anxiety, and depression.[11]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Morales Feliciano's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, and occasional stooping, kneeling, crouching, or crawling; no rapid production or pace work; work limited to simple, routine and repetitive tasks involving only simple, work-related decisions, with few workplace changes; only occasional and superficial interaction with the public and occasional interaction with coworkers; limited ability to understand spoken English and no written instructions in English.[12]

---

[8] ECF # 16-1 (Commissioner's charts); ECF # 13-2 (Morales Feliciano's charts).

[9] ECF # 13-1 (Morales Feliciano's fact sheet).

[10] ECF # 19.

[11] Transcript ("Tr.") at 17.

[12] *Id.* at 19.

Based on that residual functional capacity, the ALJ found Morales Feliciano capable of performing her past relevant work as a cook's helper "as actually performed."[13]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ made an alternative finding that a significant number of jobs existed locally and nationally that Morales Feliciano could perform.[14] The ALJ, therefore, found Morales Feliciano not under a disability.[15]

**C.    Issues on judicial review and decision**

Morales Feliciano asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Morales Feliciano presents the following two issues for judicial review:

- At step five the ALJ ignored the vocational ramifications of Morales Feliciano being a Spanish-speaking individual.

- At step five the ALJ ignored counsel's questioning of the VE.[16]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[13] *Id.* at 22.

[14] *Id.* at 23.

[15] *Id.*

[16] ECF # 13 at 1.

## Analysis

**A.    Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[17]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[18]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[19]

---

[17] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[18] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[19] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.     Application of standard – ability to do past relevant work as performed**

At step four of the sequential evaluation process, the ALJ found that Morales Feliciano could perform her past relevant work as a cook's helper "as actually performed."[20] This finding, if supported by substantial evidence, supports the conclusion that Morales Feliciano is not disabled.[21] Morales Feliciano's briefing does not challenge the step-four finding.

My independent review of the record confirms that the past relevant work finding has the support of substantial evidence. At the hearing, the VE and the ALJ questioned Morales Feliciano extensively about her past relevant work as a cook's helper.[22] Based on that testimony, the VE opined that Morales Feliciano could do the work as a cook's helper as she performed it. This suffices to adequately support the unchallenged, step-four finding. Moreover, Morales Feliciano left her job as a cook's assistant because her family relocated from Michigan to Ohio, not because of limitations caused by her impairments.[23] Although she had some mental health treatment in Michigan, the records after moving to Ohio contain

---

[20] Tr. at 22.

[21] *E.g.*, *O'Neal v. Comm'r of Soc. Sec.*, No. 1:12 CV 246, 2013 WL 620377, at *7 (S.D. Ohio Feb. 19, 2013).

[22] Tr. at 70-72.

[23] *Id.* at 66-67.

only sporadic references to depression with treatment by Effexor to which she responded positively.[24]

## Conclusion

Substantial evidence supports the finding of the Commissioner that Morales Feliciano had no disability. The denial of Morales Feliciano's applications is affirmed.

IT IS SO ORDERED.

Dated: July 31, 2014                                    s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge

---

[24] *Id.* at 21, 299, 321.